UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------X
JOSE FERNANDEZ, on behalf of himself, individually,
and on behalf of all others similarly-situated,

                **COMPLAINT**

              Plaintiff,

                **Docket No.:**

       -against-

                Jury Trial Demanded

BROWNIE'S CAFE AT COLUMBIA, INC.,
and STEVEN BROWN, individually, and EILEEN
MENDOZA, individually,

              Defendants.
--------------------------------------------------------------------------X

Plaintiff, JOSE FERNANDEZ ("Plaintiff"), on behalf of himself, individually, and on behalf of all others similarly-situated, (collectively as "FLSA Plaintiffs"), by and through his attorneys, BORRELLI & ASSOCIATES, P.L.L.C., as and for his Complaint against BROWNIE'S CAFE AT COLUMBIA, INC., ("Brownie's"), and STEVEN BROWN, individually ("Brown"), and EILEEN MENDOZA, individually ("Mendoza"), (all, collectively, as "Defendants"), alleges upon knowledge as to himself and his own actions and upon information and belief as to all other matters as follows:

**NATURE OF THE CASE**

1. This is a civil action for damages and equitable relief based upon willful violations that the Defendants committed of Plaintiff's rights guaranteed to him by: (i) the overtime provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207(a); (ii) the overtime provisions of the New York Labor Law ("NYLL"), NYLL § 160; N.Y. Comp. Codes R. & Regs. ("NYCCRR") tit. 12, § 146-1.4; (iii) the NYLL's requirement that employers pay their employees an additional one hour's pay at the minimum wage rate if their employees' spread of hours exceeds

1

ten in a workday, NYLL § 652; 12 NYCCRR § 146-1.6; (iv) the NYLL's requirement that employers furnish employees with wage statements containing specific categories of accurate information on each payday, NYLL § 195(3); 12 NYCCRR §146-2.3; and (v) any other claim(s) that can be inferred from the facts set forth herein.

2. Plaintiff worked for Defendants - - a café / catering company, its owner, and its manager - - as an hourly cook and food preparer from September 2006 until August 2, 2016. As described below, throughout the entirety of his employment, the Defendants willfully failed to pay Plaintiff the wages lawfully due to him under the FLSA and the NYLL. Specifically, for at least the six-year period pre-dating the commencement of this action, the Defendants required Plaintiff to work, and Plaintiff did in fact work, in excess of forty hours for each week or virtually each week of his employment. Despite this, the Defendants failed to compensate Plaintiff at one and one-half times his regular rate of pay - - or one and one-half times his regular weighted average - - for all hours that he worked in excess of forty each week.

3. Furthermore, Defendants violated the NYLL by failing to: pay Plaintiff one hour's pay at the minimum wage rate for each day when Plaintiff worked in excess of ten hours; and provide Plaintiff with wage statements on each payday that accurately listed his actual hours worked for that week and/or his straight-time rate or overtime rate of pay for all hours worked.

4. Defendants paid and treated all of their hourly employees in the same manner.

5. Plaintiff brings this lawsuit against Defendants pursuant to the collective action provisions of the FLSA, 29 U.S.C. § 216(b), on behalf of himself, individually, and on behalf of all other persons similarly-situated during the applicable FLSA limitations period who suffered damages as a result of the Defendants' willful violations of the FLSA.

## JURISDICTION AND VENUE

6. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, as this action arises under 29 U.S.C. § 201, *et seq*. The supplemental jurisdiction of the Court is invoked pursuant to 28 U.S.C. § 1367 over all claims arising under New York law.

7. Venue is appropriate in this court pursuant to 28 U.S.C. § 1391(b)(1) and/or (b)(2), as one or more Defendants reside within this judicial district, and as a substantial part of the events or omissions giving rise to the claims for relief occurred in this judicial district.

## PARTIES

8. At all relevant times herein, Plaintiff worked for Defendants in New York and was an "employee" entitled to protection as defined by the FLSA, the NYLL, and the NYCCRR.

9. At all relevant times herein, Defendant Brownie's was and is a New York corporation located at 1172 Amsterdam Avenue, New York, New York 10027.

10. At all relevant times herein, Defendant Brown was and is the owner and, along with Defendant Mendoza, the day-to-day supervisor of all of Defendant Brownie's employees, including Plaintiff.

11. At all relevant times herein, Defendant Mendoza, along with Defendant Brown, was and is the manager and, along with Defendant Brown, the day-to-day supervisor of all of Defendant Brownie's employees, including Plaintiff.

12. At all relevant times herein, Defendants were and are "employers" within the meaning of the FLSA and the NYLL. Additionally, Defendant Brownie's qualifying annual business exceeded and exceeds $500,000.00, and Defendants are engaged in interstate commerce within the meaning of the FLSA as they purchased and routinely work with food products provided by outside vendors in the course of their business that originated in states other than New York.

Moreover, Defendants accepted payments in cash that naturally moved across state lines, and accepted credit cards as a form of payment based on cardholder agreements with out-of-state companies, the combination of which subjects Defendants to the FLSA's overtime requirements as an enterprise.

## COLLECTIVE ACTION ALLEGATIONS

13.     Plaintiff seeks to bring this suit to recover from Defendants unpaid overtime compensation and liquidated damages pursuant to the applicable provisions of the FLSA, 29 U.S.C. 216(b), on his own behalf, as well as on behalf of those in the following collective:

> Current and former hourly employees, who during the applicable FLSA limitations period, performed any work for any at or on behalf of Defendant Brownie's, and who consent to file a claim to recover damages for overtime compensation that is legally due to them ("FLSA Plaintiffs").

14.     Defendants treated Plaintiff and all FLSA Plaintiffs similarly in that Plaintiff and all FLSA Plaintiffs: (1) performed similar tasks, as described in the "Background Facts" section below; (2) were subject to the same laws and regulations; (3) were paid in the same or similar manner; (4) were required to work in excess of forty hours in a workweek; and (5) were not paid the required one and one-times their respective regular rates of pay, or one and one-half times their respective regular weighted averages - - for all hours that they worked per workweek in excess of forty.

15.     At all relevant times herein, Defendants are and have been aware of the requirements to pay Plaintiff and all FLSA Plaintiffs at an amount equal to the rate of one and one-half times their respective regular rates of pay for all hours worked each workweek above forty, yet they purposefully and willfully chose and choose not to do so.

16. Thus, all FLSA Plaintiffs are victims of Defendants' pervasive practice of willfully refusing to pay their employees overtime compensation for all hours worked per workweek above forty, in violation of the FLSA.

## BACKGROUND FACTS

17. Defendant Brownie's is a privately-owned café and catering company located on the campus of Columbia University that prepares and serves food and provides catering services both within Columbia University and elsewhere within New York City.

18. Defendant Brown is the owner of Defendant Brownie's, who in that capacity controls the terms of employment of Defendant Brownie's employees and is responsible for all matters with respect to hiring and firing. To that end, Defendant Brown personally hired Plaintiff.

19. Defendant Mendoza is the manager of Defendant Brownie's, who in that capacity oversees its day-to-day operations and personally supervised and oversaw Plaintiff's and the other employees' day-to-day responsibilities. Defendant Mendoza is also responsible for setting employees' rates and methods of pay and the scheduling of hours worked, including Plaintiff's schedule and rate of pay.

20. Plaintiff worked for Defendants as an hourly employee from September 2006 through August 2, 2016.

21. Throughout his employment, Plaintiff's duties involved preparing food for Defendant Brownie's patrons and cleaning the café.

22. Throughout his employment, Defendants required Plaintiff to work, and Plaintiff did work, between five and six days per week, from Monday to Saturday.

23. The amount of hours that Plaintiff worked per week depended on the month and depending upon whether Plaintiff worked for Defendants at the Café or whether Plaintiff worked

for Defendants at after-hours catering jobs located at various locations away from the Café. From September through April of each year for the entirety of Plaintiff's employment, Defendants required Plaintiff to work between five and six days per week, consisting of:

    a.    between twelve hours and seventeen hours per day on Mondays through Thursdays, from 7:00 a.m. until as early as 7:00 p.m., or as late as 12:00 a.m. when working catering jobs at locations away from the Café, without a scheduled or uninterrupted break;

    b.    between ten and seventeen hours on Fridays, from 7:00 a.m. until as early as 5:00 p.m., or as late as 12:00 a.m. when working catering jobs at locations away from the Café, without a scheduled or uninterrupted break; and

    c.    when working catering jobs at locations away from the Café, between three and sixteen hours on Saturdays, from 7:00 a.m. until as early as 10:00 a.m., or as late as 10:00 p.m., without a scheduled or uninterrupted break. Plaintiff did not work at the café on Saturdays except for when Defendants' catering events took place at the café.

24.    Thus, from September through April of each year, for the entirety of Plaintiff's employment, but as is relevant here, for the six-year period pre-dating this action's commencement, Defendants required Plaintiff to work, and Plaintiff did work, between fifty-eight and one-hundred and one hours each week.

25.    From May through August of each year for the entirety of Plaintiff's employment, Defendants required Plaintiff to work between five and six days per week, consisting of:

    a.    between nine and sixteen hours per day on Mondays through Thursdays, from 8:00 a.m. until as early as 5:00 p.m., or as late as 12:00 a.m. when working catering jobs at locations away from the Café, without a scheduled or uninterrupted break;

b.     between seven and sixteen hours per day on Fridays, from 8:00 a.m. until approximately 3:00 p.m,, without a scheduled or uninterrupted break; and

c.     when working catering jobs at locations away from the Café, between three and sixteen hours on Saturdays, from 7:00 a.m. until as early as 10:00 a.m., or as late as 10:00 p.m., without a scheduled or uninterrupted break.  Again, Plaintiff did not work at the café on Saturdays during these months except for when Defendants' catering events took place at the café.

26.    Thus, from May through August of each year, for the entirety of Plaintiff's employment, but again, as is relevant here, for the six-year period pre-dating this action's commencement, Defendants required Plaintiff to work, and Plaintiff did work, between forty-three and ninety-six hours each week.

27.    For his pay, Defendants purported to pay Plaintiff a salary, but in reality paid Plaintiff at different rates depending on the hours that Plaintiff was working.

28.    As is relevant to this lawsuit, from October 2010 until July 4, 2011, for all hours that Plaintiff worked on Mondays through Fridays, between 7:00 a.m. and 7:00 p.m., Defendants paid Plaintiff $11.50 per hour.

29.    From July 5, 2011 until July 8, 2012, for all hours that Plaintiff worked on Mondays through Fridays, between 7:00 a.m. and 7:00 p.m., Defendants paid Plaintiff $11.75 per hour.

30.    From July 9, 2012 until July 7, 2013, for all hours that Plaintiff worked on Mondays through Fridays, between 7:00 a.m. and 7:00 p.m., Defendants paid Plaintiff $12.00 per hour.

31.    From July 8, 2013 until July 6, 2014, for all hours that Plaintiff worked on Mondays through Fridays, between 7:00 a.m. and 7:00 p.m., Defendants paid Plaintiff $12.25 per hour.

32. From July 7, 2014 until July 5, 2015, for all hours that Plaintiff worked on Mondays through Fridays, between 7:00 a.m. and 7:00 p.m., Defendants paid Plaintiff $12.50 per hour.

33. From July 6, 2015 until July 4, 2016, for all hours that Plaintiff worked on Mondays through Fridays, between 7:00 a.m. and 7:00 p.m., Defendants paid Plaintiff $12.75 per hour.

34. From July 5, 2016 until August 2, 2016, for all hours that Plaintiff worked on Mondays through Fridays, between 7:00 a.m. and 7:00 p.m., Defendants paid Plaintiff $13.00 per hour.

35. Throughout the six-year period pre-dating the commencement of this action, for all hours that Plaintiff worked on Mondays through Fridays, between 7:00 p.m. and 12:00 a.m., and on Saturdays, Defendants paid Plaintiff $20.00 per hour.

36. Defendants, however, failed to pay Plaintiff one and one-half times his hourly rate of pay - - or the weighted average of his hourly rates of pay, whichever is greater - - for all hours that Plaintiff worked over forty each week.

37. By way of example, during the week of December 21 through December 27, 2015, Defendants required Plaintiff to work, and Plaintiff did in fact work, seventy-four hours, consisting of twelve hours per day on Monday through Thursday, ten hours on Friday, and sixteen hours on Saturday. During that same week, Defendants paid Plaintiff at the rate of $12.75 per hour for all hours that he worked on Monday through Friday, and at the rate of $20.00 per hour for all hours that he worked on Saturday. Defendants failed to pay Plaintiff one and one-half the weighted average of his hourly rates of pay for all hours that he worked over forty this week.

38. Further, Defendants required Plaintiff to work a spread of over ten hours for many of his workdays while failing to pay him an additional hour's pay at the then-applicable minimum wage rate on every day when his spread-of-hours exceeded ten.

8

39. For example, during the week of December 21 through December 27, 2015, Defendants required Plaintiff to work, and Plaintiff did in fact work, a spread of over ten hours on six separate days. Nonetheless, despite working a spread over ten hours on each of those days, Defendants failed to pay Plaintiff an additional hour's pay at the then-applicable minimum wage rate of $8.75.

40. Defendants paid Plaintiff on a weekly basis.

41. On each occasion when Defendants paid Plaintiff, Defendants intentionally failed to provide Plaintiff with a wage statement that accurately listed, *inter alia*: his actual hours worked for that week and/or his straight and overtime rates of pay for all hours worked.

42. Defendants treated Plaintiff and FLSA Plaintiffs in the manner described above.

43. Each hour that Plaintiff and FLSA Plaintiffs worked was for the Defendants' benefit.

44. Defendants acted in the manner described herein so as to minimize their overhead while maximizing profits.

### **FIRST CLAIM FOR RELIEF AGAINST DEFENDANTS**
*Unpaid Overtime under the FLSA*

45. Plaintiff and FLSA Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

46. 29 U.S.C. § 207(a) requires employers to compensate their employees at a rate not less than one and one-half times their regular rate of pay, or one and one-half times the regular weighted average, for all hours worked exceeding forty in a workweek.

47. As described above, Defendants are employers within the meaning of the FLSA while Plaintiff and FLSA Plaintiffs are employees within the meaning of the FLSA.

48. As also described above, Plaintiff and FLSA Plaintiffs worked in excess of forty hours per week, yet Defendants failed to compensate Plaintiff and FLSA Plaintiffs in accordance with the FLSA's overtime provisions.

49. Defendants willfully violated the FLSA.

50. Plaintiff and FLSA Plaintiffs are entitled to overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times their respective regular rates of pay, or one and one-half times the regular weighted average.

51. Plaintiff and FLSA Plaintiffs are also entitled to liquidated damages and attorneys' fees for Defendants' violations of the FLSA's overtime provisions.

### **SECOND CLAIM FOR RELIEF AGAINST DEFENDANTS**
*Unpaid Overtime under the NYLL and the NYCCRR*

52. Plaintiff, and any FLSA Plaintiff who opts-into this action, repeat, reiterate and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

53. N.Y. Lab. Law § 160 and 12 NYCCRR § 146-1.4 require employers to compensate their employees at a rate not less than one and one-half times their regular rates of pay, or one and one-half times the regular weighted average, for all hours worked exceeding forty in a workweek.

54. As described above, Defendants are employers within the meaning of the NYLL and the NYCCRR, while Plaintiff, and any FLSA Plaintiff who opts-into this action, are employees within the meaning of the NYLL and the NYCCRR.

55. As also described above, Plaintiff, and any FLSA Plaintiff who opts-into this action, worked in excess of forty hours in a workweek, yet Defendants failed to compensate them in accordance with the NYLL's and the NYCCRR's overtime provisions.

56. Plaintiff, and any FLSA Plaintiff who opts-into this action, are entitled to overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times their regular rate of pay or one and one-half time the regular weighted average.

57. Plaintiff, and any FLSA Plaintiff who opts-into this action, are also entitled to liquidated damages, interest, and attorneys' fees for Defendants' violations of the NYLL's and the NYCCRR's overtime provisions.

### THIRD CLAIM FOR RELIEF AGAINST DEFENDANTS
*Violation of the NYLL's and the NYCCRR's Spread of Hours Requirement*

58. Plaintiff, and any FLSA Plaintiff who opts-into this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

59. N.Y. Lab. Law § 652 and 12 NYCCRR § 146-1.6 provide that an employee shall receive one hour's pay at the minimum hourly wage rate for any day worked in which the spread of hours exceeds ten hours.

60. As described above, Defendants are employers within the meaning of the NYLL and NYCCRR, while Plaintiff, and any FLSA Plaintiff who opts-into this action, are employees within the meaning of the NYLL and NYCCRR.

61. As also described above, Defendants failed to provide Plaintiff, and any FLSA Plaintiff who opts-into this action, with spread of hours pay on each day when their spread of hours exceeded ten for a particular workday.

62. Plaintiff, and any FLSA Plaintiff who opts-into this action, are entitled to this extra hour of pay, at the then-applicable minimum wage rate, for all days in which their spread of hours worked exceeded ten.

63. Plaintiff, and any FLSA Plaintiff who opts-into this action, are also entitled to liquidated damages, interest, and attorneys' fees for Defendants' failure to pay the required spread of hours pay.

## FOURTH CLAIM FOR RELIEF AGAINST DEFENDANTS
*Failure to Furnish Proper Wage Statements in Violation of the NYLL and the NYCCRR*

64. Plaintiff, and any FLSA Plaintiff who opts-into this action, repeat, reiterate and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

65. N.Y. Lab. Law § 195(3) and 12 NYCCRR § 146-2.3 require that employers furnish employees with wage statements containing accurate, specifically enumerated criteria on each occasion when the employer pays wages to the employee.

66. As described above, Defendants are employers within the meaning of the NYLL and the NYCCRR while Plaintiff, and any FLSA Plaintiff who opts-into this action, are employees within the meaning of the NYLL and the NYCCRR.

67. As also described above, Defendants, on each payday, failed to furnish Plaintiff, and any FLSA Plaintiff who opts-into this action, with accurate wage statements containing the criteria required under the NYLL and the NYCCRR.

68. Prior to February 27, 2015, pursuant to N.Y. Lab. Law § 198(1-d), the Defendants are liable to Plaintiff, and any FLSA Plaintiff who opts-into this action, in the amount of $100.00 for each workweek that the violation occurred, up to a statutory cap of $2,500.00.

69. On or after February 27, 2015, pursuant to NYLL § 198(1-d), Defendants are liable to Plaintiff, and any FLSA Plaintiff who opts-into this action, in the amount of $250.00 for each workday that the violation occurred, up to a statutory cap of $5,000.00.

## **DEMAND FOR A JURY TRIAL**

70. Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff and FLSA Plaintiffs demand a trial by jury in this action.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff and FLSA Plaintiffs demand judgment against Defendants as follows:

a. A judgment declaring that the practices complained of herein are unlawful and in violation of the aforementioned United States and New York State laws;

b. Preliminary and permanent injunctions against Defendants and their officers, owners, agents, successors, employees, representatives, and any and all persons acting in concert with them, from engaging in each of the unlawful practices, policies, customs, and usages set forth herein;

c. An order restraining Defendants from any retaliation against Plaintiff and FLSA Plaintiffs for participation in any form in this litigation;

d. Designation of this action as an FLSA collective action on behalf of Plaintiff and FLSA Plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the FLSA Plaintiffs, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b), and tolling of the statute of limitations;

e. All damages that Plaintiff and FLSA Plaintiffs have sustained as a result of the Defendants' conduct, including all unpaid wages and any short fall between wages paid and those due under the law that Plaintiff and FLSA Plaintiffs would have received but for Defendants' unlawful payment practices;

      f.      Liquidated damages and any other statutory penalties as recoverable under the FLSA and NYLL;

      g.      Designation of Plaintiff and his counsel as collective action representatives under the FLSA;

      h.      Awarding Plaintiff and FLSA Plaintiffs their costs and disbursements incurred in connection with this action, including reasonable attorneys' fees, expert witness fees and other costs, and an award of a service payment to Plaintiff;

      i.      Pre-judgment and post-judgment interest, as provided by law; and

      j.      Granting Plaintiff and FLSA Plaintiffs other and further relief as this Court finds necessary and proper.

Dated: New York, New York
       November 7, 2016

                Respectfully submitted,

                BORRELLI & ASSOCIATES, P.L.L.C.
                *Attorneys for Plaintiff*
                655 Third Avenue, Suite 1821
                New York, New York 10017
                Tel.   (212) 679-5000
                Fax.  (212) 679-5005

By: _____
     MICHAEL R. MINKOFF (MM 4787)
     ALEXANDER T. COLEMAN (AC 1717)
     MICHAEL J. BORRELLI (MB 8533)